**DUANE, MORRIS & HECKSCHER LLP**
A Pennsylvania Limited Liability Partnership
By: Walter J. Greenhalgh (WG9614)
    Magdalen Braden
One Riverfront Plaza
Newark, New Jersey 07102
(973) 424-2000
Attorneys for Debtors and Debtors-in-Possession
and Plaintiff

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

00 DEC -1 PM 3: 15

JAMES J. WALDRON

BY: _____
DEPUTY CLERK

PAID $150

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>TWIN COUNTY GROCERS, INC., et al.,<br><br>Debtors. | Jointly Administered Under Case No. 98-55587 (SAS)<br><br>Chapter 11 |
| TWIN COUNTY GROCERS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SMG INC.<br><br>Defendant. | Adversary Proc. No. 00-5962 TS<br><br>COMPLAINT TO RECOVER PREFERENCES PURSUANT TO 11 U.S.C. § 547 AND FOR RELATED RELIEF |

Plaintiff and Debtor-in-Possession, TWIN COUNTY GROCERS, INC. ("Twin" or "Debtor"), by and through its attorneys, Duane, Morris & Heckscher LLP, a Pennsylvania Limited Liability Partnership, by way of Complaint against defendant SMG INC. ("Defendant"), hereby says:

## PARTIES, JURISDICTION AND VENUE

1. Twin, a New Jersey corporation having a principal place of business at 145 Talmadge Road, Edison, New Jersey 08818, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 7, 1998, and thereafter was continued in the operation of its business and the possession of its property as a debtor-in-possession.

2. The Defendant, is a business entity having a last known address at P.O. Box 3146, Boston, MA 02241-3146, and sold Twin various grocery, food and/or related inventory at various times prior to the Petition Date, including, without limitation, during the 90 day period immediately preceding the Petition Date.

3. The Bankruptcy Court has jurisdiction over the within action pursuant to 28 U.S.C. §§157(b) and 1334(b) and the "District Court General Order of Reference" of the United States District Court for the District of New Jersey dated July 23, 1984, because it arises under Twin's chapter 11 bankruptcy case pending in this Court.

4. This matter is within the Bankruptcy Court's core jurisdiction pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F) and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

6. Twin operated at all times relevant herein as a member-owned cooperative wholesaler-distributor of grocery and related products, including fresh produce, dairy and deli products, meats and poultry, baked goods, groceries, frozen goods, health and beauty aids and general merchandise (collectively, "Inventory").

PH1\792962.1

2

7. Until its ceased operations on December 25, 1998, Twin was governed by and operated under a "cooperative" plan for the benefit of its retail supermarket owner/members ("Members"), and supplied Inventory to the Members. Each of the Members operated one or more retail supermarkets in New Jersey, New York and Puerto Rico. Twin also supplied Inventory to non-member supermarket owners.

8. Defendant was one of more than 600 vendors which sold inventory to Twin on a wholesale basis.

9. The Debtor reserves its rights to supplement and amend the factual allegations of this complaint including, without limitation, the monetary amounts being sought and the identity and address of the Defendant.

## COUNT ONE

## AVOIDANCE AND RECOVERY OF PREFERENCES

10. Twin repeats and realleges the allegations of the foregoing paragraphs of this Complaint as if set forth at length herein.

11. Prior to the Petition Date, Twin continued to operate its business affairs, including the issuance and payment of checks to certain creditors in the ninety days prior to commencing the bankruptcy case.

12. Defendant was a creditor of Twin before and on the Petition Date.

13. During the 90 day period prior to the Petition Date, Twin issued certain checks to Defendant in payment of certain of the Defendant's invoices having a total amount of $28,166.91. Each of said payments (the "Transfers") cleared Twin's bank account upon which the pertinent checks were drawn during the 90 day period prior to the Petition Date.

14. Subject to further review of the Debtor's books and records, Twin alleges that each of the Transfers constituted a preference within the meaning of 11 U.S.C. § 547, as further set forth below. In addition to the Transfers, Twin may have made additional payments by check and/or wire transfer to the Defendant during the 90 day period prior to the Petition Date, but such additional payments, if any, are not the subject of this adversary proceeding.

15. Each of the Transfers was made for, or on account of, an antecedent debt owed by Twin to the Defendant before such transfer was made.

16. Twin was insolvent at the time of each of the Transfers.

17. The effect of the Transfers enabled Defendant to receive a greater benefit than it would have received if (a) the case was a case under chapter 7 of title 11 of the United States Code, (b) the Transfers had not been made, and (c) Defendant received payment of the antecedent debt owed to it by the Debtor to the extent provided by the provisions of title 11 of the United States Code.

18. The Transfers were preferential to Defendant within the meaning of 11 U.S.C. § 547(b).

19. Twin is entitled to recover an amount equal to the total amount of the Transfers from Defendant, as the initial transferee of the Transfers, pursuant to the terms of 11 U.S.C. §§ 550 and 1107(a).

20. When applicable, the total amount of the Transfers is net of any credit due to Defendant for "subsequent new value" given by Defendant to Twin in the form of product deliveries which were made after the pertinent date or dates of one or more of the Transfers and

for which Defendant did not receive payment from Twin prior to the Petition Date, pursuant to 11 U.S.C. § 547(c)(4)(b).

21. Twin has demanded that Defendant make payment of the Transfers to Twin, but that demand has been refused.

22. Twin has been damaged in an amount equal to the dollar value of the Transfers, together with interest, attorneys' fees, and costs of suit and collection.

WHEREFORE, Twin demands judgment against Defendant (i) for the avoidance and recovery of the Transfers as preferences pursuant to 11 U.S.C. § 547(b), (ii) for entry of judgment against Defendant, as the initial transferee of the preferential Transfers under 11 U.S.C. § 550(a)(1), in the amount of the avoided Transfers, (iii) for interest, attorneys' fees and costs of suit and collection and (iv) for such other relief as the Court deems just and equitable.

DUANE, MORRIS & HECKSCHER LLP
A Pennsylvania Limited Liability Partnership
Attorneys for Debtor and Plaintiff
Twin County Grocers, Inc.

Dated: 11-30, 2000
Newark, New Jersey

By: _____
Walter J. Greenhalgh (WG9614)